### In re A. & J. M. ESMARK.

(District Court, E. D. Pennsylvania. June 3, 1911.)

### No. 3,779.

ESTOPPEL (§ 68*)—CLAIMS—RIGHTS OF CREDITOR—INCONSISTENT POSITIONS.
  Claimant, having received the bankrupts' judgment notes for money advanced, afterwards distrained for rent due him as landlord from the bankrupts, and levied on certain property as belonging to them. *Held*, that he could not in bankruptcy thereafter claim title to such property as having been purchased by the bankrupts with claimant's funds, under an agreement that he should hold the title until the money was repaid.
  [Ed. Note.— For other cases, see Estoppel, Cent. Dig. §§ 165–169; Dec. Dig. § 68.*]

In Bankruptcy. In the matter of bankruptcy proceedings against A. & J. M. Esmark. On certificate of a referee concerning the disallowance of the claim of Louis Stecher. Affirmed.

Henry N. Wessel, for claimant.
Julius C. Levi, for trustee.

J. B. McPHERSON, District Judge. The referee (David W. Amram, Esq.) in a careful and elaborate report has disallowed this claim. I think his order finds ample support in the inconsistency of the positions taken by the claimant at one time and another with regard to the personal property that produced the fund in question. The property was bought by the bankrupts with money furnished by the claimant, and his present position is that he and the bankrupts agreed verbally that he should be the owner until the money should be repaid. Repayment having never been made, he lays claim to the fund that arises from the sale of his own property. This contention is at least intelligible—it should be noted in passing, that the bankruptcy antedates the amendments of 1910—but unfortunately for the claimant he has heretofore taken a wholly irreconcilable position. He received the bankrupts' judgment notes for the money advanced, and thus apparently admitted the transaction to be a loan; and, moreover, he afterwards distrained for rent due to him as landlord by the bankrupts, and levied upon the very property as theirs that he now asserts to have been his own. Acts speak more loudly than words, and I have no hesitation in relying upon these significant acts, rather than upon the verbal agreement that is now set up.

The order of March 23, 1911, is affirmed.